IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARCUS DUENAS,<br>Petitioner, | Civil Action No. 7:05CV00660 |
| v. | **MEMORANDUM OPINION** |
| DIRECTOR, VIRGINIA DEPARTMENT<br>OF CORRECTIONS,<br>Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

Marcus Duenas, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The petitioner challenges the validity of his convictions in the Circuit Court for the County of Rockingham. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## BACKGROUND

On May 31, 2001, the petitioner was convicted of first degree murder, use of a firearm in the commission of a felony, malicious wounding, three counts of abduction, two counts of robbery, attempted robbery, and breaking and entering with the intent to commit robbery. The petitioner was sentenced to a total term of life imprisonment plus 101 years.

The petitioner appealed his convictions to the Court of Appeals of Virginia. On October 1, 2002, the petitioner's convictions were affirmed. The petitioner then filed a petition for appeal in the Supreme Court of Virginia. On July 16, 2003, the Supreme Court refused the petition.

On July 8, 2004, the petitioner, proceeding with counsel, filed a petition for writ of habeas corpus in the Circuit Court for the County of Rockingham. The petition raised the following claims:

> I. The petitioner received ineffective assistance from his trial counsel when counsel failed to properly investigate witnesses.
>
> II. The prosecution engaged in misconduct in using knowingly false witness testimony against the petitioner.
>
> III. The petitioner's right to due process was violated when the prosecution engaged in discovery violations pursuant to Brady v. Maryland.
>
> IV. The petitioner received ineffective assistance of trial counsel when counsel failed to object to a racially unrepresentative jury.
>
> V. The petitioner is entitled to an evidentiary hearing.

The petition was dismissed by the Circuit Court on February 8, 2005. The petitioner appealed the dismissal of his state habeas petition to the Supreme Court of Virginia. On August 22, 2005, his petition for appeal was refused.

The petitioner filed the instant petition on October 28, 2005. The petition includes the same claims that were raised in his state habeas petition. On November 17, 2005, the respondent moved to dismiss the petition. Since the petitioner has now responded to the motion, the petition is ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application

2

of, clearly established [f]ederal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

A. Claim I

In his first claim, the petitioner alleges that his trial counsel was ineffective for failing to properly investigate certain witnesses for the prosecution. Specifically, the petitioner alleges that Pisces Madden, Andre Cook, and Lalarnie Larry falsely testified at trial in an effort to comply with plea agreements offering favorable sentencing terms. The petitioner contends that his trial counsel "never made any additional discovery requests, such as a request for any plea agreement information regarding the aforementioned witnesses," and that counsel "was less than forceful in eliciting testimony regarding potential plea agreements between the witnesses at issue and the Commonwealth."

A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an

3

objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688.

The petitioner presented his first claim as part of the state habeas proceedings. The state habeas court concluded that the petitioner's allegations were insufficient to establish a claim under Strickland. In reaching this conclusion, the state habeas court determined that the petitioner failed to show that Madden, Cook, or Larry had actually entered into any type of formal agreement with the Commonwealth prior to trial. The state habeas court noted that all three witnesses testified that there were no promises or plea agreements. Moreover, both the petitioner's trial counsel and the Commonwealth's Attorney provided affidavits in which they denied that any plea agreements existed prior to trial.

Having reviewed the record, the court concludes that the state habeas court's decision did not involve an unreasonable application of federal law or an unreasonable determination of the facts. All three witnesses testified at trial that they were not promised anything in exchange for their testimony, (Trial Tr. at 105, 204, 235), and contrary to the petitioner's assertions, his trial counsel did cross-examine the witnesses regarding their hopes of obtaining sentencing leniency. (Trial Tr. at 154, 169-170, 211-212). Although the petitioner contends that his trial counsel should have questioned the witnesses regarding their plea agreements, there is simply no evidence that any plea agreements existed prior to trial. Therefore, the court concludes that the petitioner has failed to establish that his trial counsel's performance was deficient or that he suffered any resulting prejudice. Accordingly, the petitioner's first claim must be dismissed.

B. Claim II

In his second claim, the petitioner alleges that the Commonwealth engaged in misconduct by knowingly using false witness testimony against him. The petitioner argues that the

4

Commonwealth entered into agreements with Cook, Larry, and Madden, and then "forced these witnesses to deny the presence of the deals upon direct examination." To support this claim, the petitioner emphasizes that both Larry and Cook received "unbelievably light" sentences for their involvement in the incident, and that their sentences were based, in part, on their plea agreements. The petitioner also notes that Madden was subsequently sentenced below the Federal Sentencing Guidelines on unrelated federal charges, and that Madden's sentence was based, in part, on his involvement in the investigation and prosecution of the petitioner.

The petitioner presented this claim as part of the state habeas proceedings. The state habeas court concluded that the claim was without merit. The court noted that neither the fact that Cook and Larry eventually entered into plea agreements, nor the fact that Madden ultimately received favorable treatment in federal court, was sufficient to establish that the witnesses testified untruthfully at trial.

The court agrees with the respondent that the state habeas court's decision did not involve an unreasonable application of federal law or an unreasonable determination of the facts. As previously explained, the petitioner has provided no evidence to support the assertion that Larry, Cook, and Madden entered into formal agreements with the Commonwealth prior to trial. While these three witnesses ultimately benefited from their participation in the petitioner's trial, this fact, standing alone, does not establish that, prior to the petitioner's trial, the Commonwealth entered into formal agreements with the witnesses or promised them leniency. See Shabazz v. Artuz, 336 F.3d 154, 165 (2nd Cir. 2003) (holding that "the fact that a prosecutor afforded favorable treatment to a government witness, standing alone, does not establish the existence of an underlying promise of leniency in exchange for testimony."). Therefore, the court concludes that the petitioner' second claim must be dismissed.

5

C. <u>Claim III</u>

In his third claim, the petitioner alleges that the Commonwealth violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), by failing to disclose the witnesses' plea agreements during discovery. The petitioner raised this claim in his state <u>habeas</u> petition. The state <u>habeas</u> court determined that the claim was without merit, because the petitioner failed to prove that Madden, Cook, or Larry had actually entered into a plea agreement prior to the petitioner's trial.

The court concludes that the state habeas court's decision did not involve an unreasonable application of federal law or an unreasonable determination of the facts. To establish a Brady violation, a defendant must demonstrate (1) that the prosecutor withheld evidence, either willfully or inadvertently; (2) that the evidence was favorable to the defendant, either directly or with impeachment value; and (3) that the evidence was material. <u>Spicer v. Roxbury Correctional Institute</u>, 194 F.3d 547, 555 (4th Cir. 1999). In this case, the petitioner cannot establish the first element. As previously explained, the petitioner has proffered no evidence to support the assertion that the Commonwealth entered into a formal agreement, prior to trial, with Madden, Cook, or Larry. Accordingly, the petitioner's <u>Brady</u> claim must be dismissed.

D. <u>Claim IV</u>

In his fourth claim, the petitioner alleges that his trial counsel was ineffective for failing to object to the jury pool. The petitioner contends that because the jury pool contained only one African-American person, the pool did not represent a fair cross-section of the community.

The petitioner raised this claim in his state <u>habeas</u> petition. The state <u>habeas</u> court concluded that the claim was without merit, because the petitioner failed to provide sufficient evidence to prove that the jury pool was not representative of the community. Additionally, the

6

court referenced an affidavit from the petitioner's trial counsel, in which counsel explained that he saw no basis to object to the jury pool, since it was his understanding that the jurisdiction was predominantly white.

The court agrees with the respondent that the state <u>habeas</u> court's decision did not involve an unreasonable application of clearly established federal law. "To make out a prima facie case for a violation of the Sixth Amendment right to a jury venire that is a 'fair cross-section' of the community, [the petitioner] must establish that (1) a 'distinctive' segment of the community (2) is 'substantially underrepresented' in the jury pool (3) as a result of 'systematic exclusion' of the group." <u>Truesdale v. Moore</u>, 142 F.3d 749, 755 (4th Cir. 1998) (quoting <u>Duren v. Missouri</u>, 439 U.S. 357, 364 (1979). In this case, the petitioner has not advanced any direct evidence of "systematic exclusion" of African-Americans from the jury pool. While the petitioner argues that four percent of the jury pool should have been minorities, based on the 2000 United States Census, "the Constitution does not require the juror selection process to be a statistical mirror of the community; it is sufficient that the selection be in terms of 'fair cross-section' gathered without active discrimination." <u>United States v. Slade</u>, 1993 U.S. App. LEXIS 31998 (4th Cir. 1993). Finding no merit to the petitioner's challenge to the jury pool, the court cannot conclude that his trial counsel was ineffective for not raising the claim at trial. "It is certainly reasonable for counsel not to raise unmeritorious claims." <u>Truesdale</u>, 142 F.3d at 756. Accordingly, the petitioner's fourth claim must be dismissed.

E.  <u>Claim V</u>

In his fifth claim, the petitioner contends that he is entitled to an evidentiary hearing. Having concluded that claims I through IV are without merit, the petitioner's request for an evidentiary hearing is denied.

7

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 31st day of January, 2006.

_____
United States District Judge

8

Case 7:05-cv-00660-GEC-mfu   Document 10   Filed 01/31/06   Page 8 of 8   Pageid#: 284